UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEWEY AUSTIN BARNETT, II, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:21-cv-509 SEP |
| JEFFERSON COUNTY, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Dewey Austin Barnett, II's Motion Seeking Leave to Commence this Action Without Prepaying Fees or Costs. Doc. [2]. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion and assess an initial partial filing fee of $73.98. Additionally, for the reasons discussed below, the Court will give Plaintiff the opportunity to file an amended complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff submitted an inmate account statement showing an average monthly deposit of $369.89, and an average monthly balance of $110.76. The Court assesses an initial partial filing fee of $73.98, which is 20 percent of Plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2).  An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679.  The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  That means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff identifies himself as a pretrial detainee at the Jefferson County Jail in Hillsboro, Missouri.  He filed the complaint pursuant to 42 U.S.C. § 1983 against the municipality of

2

Jefferson County, Missouri, and against Jefferson County Jail Administrator Brenda Short and Corrections Officer Christopher Rulo.  Plaintiff sues Defendants in their official and individual capacities.  He lists seven claims for relief, all of which arose from events that occurred at the Jefferson County Jail.  His factual claims are as follows.

On March 12, 2021, Plaintiff was forced to strip and be searched, and Rulo "sexually harassed" him.  Doc. [1] at 3.  On October 9, 2020, Short denied Plaintiff "legal aid in the form of legal books," thereby "keeping [him] from further proving [his] innocence."  *Id.* at 4.  On March 14, 2021, Short refused to have her staff relocate Plaintiff to more sanitary conditions; on March 15, 2021, she denied him a Bible; and from March 12, 2021, to April 16, 2021, she "refused proper nourishment."  *Id.* at 5.  On July 9, 2020, Short's "medical staff" forced Plaintiff to have lab work done, leaving Plaintiff with a bill he could not afford.  *Id.*  Finally, on January 22, 2021, Short's "staff psychiatrist" delayed assessment of plaintiff's night terrors.  *Id.*  Plaintiff alleges no specific facts in support of his claims.  As relief, he asks this Court to "press charges" against Rulo and Short and to remove them from their positions.  *Id.* at 6.  He also seeks monetary relief.

## Discussion

The Complaint must be dismissed for failure to state a claim.  Plaintiff fails to allege facts that would either establish the liability of defendant Jefferson County, Missouri, or state an official capacity claim against Rulo or Short.  *See Monell v. Dep't of Social Servs. of City of New York,* 436 U.S. 658, 690-91 (1978)*; see also Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013).  Plaintiff also fails to state a claim upon which relief may be granted against Rulo or Short in their individual capacities, because his allegations are either entirely conclusory or fail to describe conduct that violates the laws or Constitution of the United States.  Even *pro se* Plaintiffs are required to allege facts which state a claim as a matter of law, *Martin*, 623 F.2d at 1286, and this Court will not assume facts Plaintiff has not alleged.  *Stone*, 364 F.3d at 914.

Plaintiff also attempts to advance seven unrelated claims against more than one defendant, which is impermissible. Federal Rule of Civil Procedure 20(a)(2) governs joinder of defendants:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative **with respect to or arising out of the same transaction, occurrence, or series of**

> *transactions or occurrences*; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added).  A plaintiff may not join, in a single lawsuit, multiple claims against different defendants related to events arising out of different transactions or occurrences.  Unrelated claims against different defendants belong in different suits, partly to ensure that prisoners pay the required filing fees.  On the other hand, Federal Rule of Civil Procedure 18(a) provides that

> [a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

Therefore, multiple claims against a *single* defendant can be valid—just not multiple claims against different defendants arising from different occurrences.

Because Plaintiff is proceeding *pro se*, the Court will give him an opportunity to file an amended complaint.  Plaintiff is advised that the amended complaint will replace the original.  *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect.").  Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him.  *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").  Upon filing, the amended complaint will be subject to review pursuant to 28 U.S.C. § 1915(e)(2).

In the "Caption" section of the complaint form, Plaintiff should write the name of the person he intends to sue.  *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").  Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim.  Plaintiff must also specify the capacity in which he intends to sue the defendant.

In the "Statement of Claim" section, Plaintiff should begin by writing the defendant's name.  In separate, numbered paragraphs under that name, Plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant.  *See* Fed. R. Civ. P. 8(a).  Each allegation must be simple, concise, and direct.  *See id.*  Each paragraph should be "limited as far as practicable to a single set of circumstances."  *See* Fed. R. Civ. P. 10(b).

4

Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal.

If Plaintiff names a single defendant, he may set forth as many claims as he has against that defendant.  *See* Fed. R. Civ. P. 18(a).  If Plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence—in other words, claims that are related to each other.  *See* Fed. R. Civ. P. 20(a)(2).

It is important that Plaintiff allege facts explaining how a defendant was personally involved in or directly responsible for harming him.  *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990).  Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do.  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").  Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."  *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff has also filed a motion to appoint counsel.  The Court will deny that motion.  A *pro se* litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases."  *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)).  A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."  *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)).  When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his or her claims, the existence of conflicting testimony, and the complexity of the legal arguments.  *Id.* (citing *Phillips*, 437 F.3d at 794).

In this case, Plaintiff has yet to state a non-frivolous claim.  Even if he had, there is no indication that he is incapable of representing himself, and nothing in the instant motion or in the record before the Court indicates that the factual or legal issues are sufficiently complex to justify the appointment of counsel.  However, recognizing that circumstances may change, the

Court will deny the motion without prejudice and will entertain future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion Seeking Leave to Commence this Action Without Prepaying Fees or Costs (Doc. [2]) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, Plaintiff must pay an initial filing fee of $73.98. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. [4]) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to Plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, Plaintiff must file an amended complaint in accordance with the instructions herein.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 12th day of November, 2021.

*Sarah E. Pitlyk*

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE